UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) No. 2:10-cr-136-DBH-03 |
| HASAN WORTHY, | ) |
| | ) |
| Defendant | ) |

**DECISION AND ORDER ON DEFENDANT WORTHY'S PENDING MOTIONS**

Drug conspiracy charges can present complex issues in trial preparation. Here, the ordinary complexity has been exacerbated by the government's succession of charges—Complaint, Indictment, First Superseding Indictment, Second Superseding Indictment, Third Superseding Indictment, and now Fourth Superseding Indictment[1] (Docket Items 1, 28, 51, 94, 232, 507). Not surprisingly, the practice has produced a bevy of defense motions both earlier and now. Although I do not fully comprehend the need for this succession of charging documents, I deal with the case as the government presents it, and I deal with the motions on their individual merits.

---

[1] The differences between the Third and Fourth Superseding Indictments are, with respect to the drug conspiracy charge: (1) A later starting date for the alleged conspiracy but with the qualifying language from "at least" the new (later) date; (2) The deletion of the names of all but one of the previously alleged co-conspirators (at this point, all have pleaded guilty to one of the superseding indictments); (3) The addition of a quantity allegation for crack cocaine, namely 280 grams, the quantity that the Fair Sentencing Act uses to establish a minimum of ten years imprisonment (the Third Superseding Indictment already sought enhanced penalties under 21 U.S.C. § 841(b)(1)(A), but did not specify a quantity of crack cocaine.)
    I also note a change in the charge under 21 U.S.C. § 843(b)(using a communication facility in committing a drug crime) by adding a reference to possession with intent to distribute, and a correction of a statutory citation, replacing 21 U.S.C. § 844 (a penalty provision) with § 846 (the attempt and conspiracy section). Fourth Superseding Indictment Count Five. The defendant does not make any argument about the changes to the charge of using a communication facility.

1. <u>Motion to Dismiss Fourth Superseding Indictment as Untimely</u> (Docket Item 528). The motion is **DENIED**. This is a Speedy Trial Act issue. The defendant moved once before to dismiss all the charges against him based upon the Speedy Trial Act, and I denied his motion on December 20, 2010. Dec. and Order on Defs.' Mots. to Dismiss and Gov't's Mot. for Detention (Docket Item 304). Now the government has newly filed the Fourth Superseding Indictment against him, and the defendant has moved to dismiss this indictment as well, on Speedy Trial Act grounds.

As the defendant recognizes in the motion, my Order of December 20, 2010, ruled on all the issues he raises now, except for one, and I **REAFFIRM** that ruling.

The defendant does make one new argument in this motion. The government apparently missed the new argument and argues that I should deny the new motion to dismiss for the same reasons I gave in my December 20 Order. Gov't Response to Def. Worthy's Mot. to Dismiss for Insufficiency of Indictment at 1 (Docket Item 542). In his Reply Memorandum, the defendant contends that the government has thereby waived or forfeited any objection to his new argument. Def. Worthy's Reply to Gov't's Response to Def. Worthy's Mot. to Dismiss Fourth Superseding Indictment as Untimely at 2 (Docket Item 552). It is apparent, however, that the government, perhaps reading carelessly, missed the new argument (although it was flagged) upon seeing the defendant's admission that the new legal memorandum largely tracked the earlier motion. Def. Worthy's Mot. to Dismiss Fourth Superseding Indictment as Untimely (Docket Item 528). In urging the court to reach the

same conclusion as previously, the government was not conceding the defendant's argument. I therefore do not find waiver or forfeiture, although I would have preferred that the government addressed the argument.

The new argument is that "by removing allegations from earlier indictments the government has (assuming it intended to charge the same conspiracy previously charged) gilded the charge by subtraction, thereby violating the rule established by the line of cases that a superseding indictment that 'gilds the charge' outside the applicable 30-day limit violates the Speedy Trial Act." Id. at 2; Def. Worthy's Reply to Gov't's Response to Def. Worthy's Mot. to Dismiss Fourth Superseding Indictment as Untimely at 1.

The anti-gilding principle has not been recognized in First Circuit case law. See United States v. Widi, 697 F. Supp. 2d 140, 143 (D. Me. 2010) (Singal, J.) (also describing the case law "on what constitutes a gilded charge" as "murky"). The Fifth Circuit has recognized it in United States v. Bailey, 111 F.3d 1229, 1236 (5th Cir. 1997), but there the court was talking about the time limit for bringing a case to trial, and said that "[w]here 'a subsequent charge merely "gilds" the initial charge filed against an individual and the different accusatorial dates between the two charges are not reasonably explicable,' this Court has held that 'the date of the initial arrest may trigger the applicable time periods of the Act as to prosecution for both offenses.'" Id. at 1236 (quoting United States v. Giwa, 831 F.2d 538, 542 (5th Cir. 1987)); accord United States v. Andrews, 790 F.2d 803, 808-09 (10th Cir. 1986). In other words, a Superseding Indictment in those circumstances does not give the government a new period under the Speedy Trial Act to bring the defendant to

3

trial. I do not understand the government to be seeking a new Speedy Trial Act period here (as confirmed by government counsel at the arraignment on the Fourth Superseding Indictment). Therefore, the gilding principle, if applicable, does not entitle the defendant to dismissal.

2. <u>Defendant Worthy's Motion to Dismiss Count One of the Fourth Superseding Indictment</u> (Docket Item 524). The motion is **DENIED**. The defendant's argument here is that the changes in Count One of the Fourth Superseding Indictment (I listed them in footnote 1) have made it too ambiguous under Fed. R. Crim. P. 7(c)(1). The defendant's concern is that although the time period is ostensibly foreshortened, a starting date of "from at least about March, 2009" (Fourth) is more ambiguous than a starting date of "from about August 28, 2007" (Third). He also asserts that with the deletion of the names of all but one other co-conspirator, he no longer knows the membership scope of the conspiracy the government has charged.

This defendant is hardly the first to criticize the way conspiracy law favors the government in pursuing criminal charges. But the law is clear that it is sufficient for the indictment to allege approximate time parameters and that the indictment need not identify all members of the conspiracy but can refer to others known and unknown to the grand jury. As the First Circuit said in <u>United States v. Indorato</u>: "The Supreme Court has explicitly held: 'Of course, at least two persons are required to constitute a conspiracy, but the identity of the other members of the conspiracy is not needed, inasmuch as one person can be convicted of conspiring with persons whose names are unknown.'" 628 F.2d 711, 717-18 (1st Cir. 1980) (citing <u>Rogers v. United</u>

States, 340 U.S. 367, 375 (1951)). In United States v. Paiva, 892 F.2d 148, 155 (1st Cir. 1989), the court stated that "the government's temporal specifications in the Indictment, such as "early 1983" and "the fall of 1983," were sufficiently narrow to allow Paiva to prepare his defense without surprise."[2] Count One of the Fourth Superseding Indictment satisfies these requirements of specificity.

3. <u>Defendant Worthy's Motion to Dismiss Third Superseding Indictment for Want of Prosecution</u> (Docket Item 525). The motion is **GRANTED** without prejudice. The government has stated that it does not object to dismissal of the Third Superseding Indictment if the motions to dismiss the Fourth Superseding Indictment are denied, which they have been. Gov't's Response to Def. Worthy's Mot. to Dismiss Third Superseding Indictment (Docket Item 539).

4. <u>Defendant Worthy's Motion to Suppress Wire Intercepts</u> (Docket Item 527). The motion is **DENIED**. The motion recognizes at the outset that a previous motion to suppress on the same grounds was denied, and I see no reason to change that ruling. The defendant has one new argument. He says that the Magistrate Judge and I earlier rejected some of his filings as untimely then, and that that untimeliness rationale no longer suffices in light of the fact that the government now has filed a Fourth Superseding Indictment. <u>Id</u>. at 2.

---

[2] The insertion of the phrase "at least" in the time parameters of a charged conspiracy was not used in this case until the Fourth Superseding Indictment. It is not clear to me that it has any significance. I regularly charge juries that with respect to an indictment's time allegation it is sufficient if the government proves beyond a reasonable doubt a date "reasonably near" the charged date.
    I do not see how use of the phrase "at least" should give the government any additional leeway in what it is required to prove, or that, for example, it would allow it extra leeway on the question whether it has proven the conspiracy charged in the indictment rather than some different conspiracy.

5

I disagree. The Fourth Superseding Indictment has had no effect on the substance of the arguments presented by the motion to suppress. This Court, through two judicial officers, examined all the arguments carefully on an earlier occasion and in ruling then on the substance of them, determined that some were untimely. Mem. of Dec. on Hearing Request and Mots. to Strike and Recommended Dec. on Mots. to Suppress (Docket Item 348); Order Affirming Mem. Dec. and Recommended Decs. of the Magistrate Judge (Docket Item 384). There is no reason now—merely because a Fourth Superseding Indictment has been filed—to reopen that ruling, where nothing about the suppression issues have changed. To do so would cause a waste of judicial resources both in this case and as a precedential matter for future cases.

5. <u>Defendant Worthy's Motion to Allow Disclosure to Defendant Worthy of All Documents Submitted in Support of the Application and of All Intercepted Communications</u> (Docket Item 527). No action is necessary on this motion. The government proposed a procedure in response to the motion, and the defendant's reply memorandum did not address whether it was satisfactory. Gov't's Response to Def. Worthy's Motion to Suppress (Docket Item 541); Def. Worthy's Reply Mem. in Support of Mot. to Suppress (Docket Item 551). If there is remaining disagreement, the parties can take the matter up with the Magistrate Judge.

6. <u>Def. Worthy's Motion for a Bill of Particulars With Respect to Fourth Superseding Indictment</u> (Docket Item 529). The defendant's motion is **DENIED**. As the First Circuit stated in <u>United States v. Sepulveda</u>:

> Motions for bills of particulars are seldom employed in modern federal practice. When pursued, they need be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause.

15 F.3d 1161, 1192-93 (1st Cir. 1993). The defendant here is understandably unhappy with the government's modification of the language of the indictment, but fulsome discovery is provided in this District, and although the changed language may thwart some of the defenses he earlier planned to raise, he will still be able to prepare his defense and avoid unfair surprise at trial and seek the protection of the double jeopardy clause in the future.

**SO ORDERED.**

**DATED THIS 6TH DAY OF FEBRUARY, 2012**

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**