UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HASAN WORTHY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  2:10-cr-00136-DBH-3 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent | ) |

**RECOMMENDED DECISION**

Petitioner Hasan Worthy has filed a motion seeking an enlargement of time within which to file a petition pursuant to 28 U.S.C. § 2255. (Motion, ECF No. 939.) Petitioner has not filed a section 2255 petition. As explained below, I recommend that the Court deny the motion because the Court lacks jurisdiction to consider the motion.

While the First Circuit apparently has not addressed the issue of whether the Court has jurisdiction to grant a motion to enlarge the time to file a habeas petition when no petition has been filed, the Second Circuit has addressed the issue in the context of a motion to enlarge the time to file a petition under 28 U.S.C. § 2255. *See Green v. United States*, 260 F.3d 78, 82-83 (2d Cir. 2001). In *Green*, the Court determined that "a district court may grant an extension of time to file a motion pursuant to section 2255 only if (1) the moving party requests the extension upon or after filing an actual section 2255 motion, and (2) 'rare and exceptional' circumstances warrant equitably tolling the limitations period." The Court reasoned, "[p]rior to an actual filing [of a section 2255 motion], 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory.'" *Id*. at 82 (quoting *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000)). Other courts have reached a similar conclusion. *See Swichkow v. United States*, 565 F. App'x 840, 844 (11th Cir. 2014); *United States v. Gonzalez*, No. 05-137-

06, 2010 WL 2365666, at *1, 2010 U.S. Dist. Lexis 65952, at 1-3 (D. R.I. June 8, 2010); *United States v. Miller*, No. 06-CR-20080, 2008 WL 4541418, at *1-2, 2008 U.S. Dist. Lexis 80552, at *1-4 (C.D.Ill. Oct. 9, 2008).

The reasoning of the Second Circuit is sound. That is, absent the filing of a habeas petition, or the inclusion of grounds for substantive habeas relief in the motion to enlarge the time to file the petition, there is no substantive claim pending and thus the Court is without jurisdiction to grant the moving party an enlargement of time to file a section 2255 petition. *See Green*, 260 F.3d at 83. Here, Petitioner maintains that circumstances at the facility have interfered with his ability to file a petition. Petitioner, however, has not alleged a substantive basis for habeas relief pursuant to 28 U.S.C. § 2255. Because Petitioner has not asserted a substantive claim for relief under 28 U.S.C. § 2255, no case or controversy is pending before the Court. Accordingly, the Court lacks jurisdiction to consider the motion.

## CONCLUSION

Based on the foregoing analysis, I recommend that the Court deny Petitioner's motion for enlargement of time to file a habeas petition (ECF No. 939).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 8th day of February, 2016.